Case 1:18-cv-01847-BAH   Document 1   Filed 08/07/18   Page 1 of 5

Case: 1:18-cv-01847   Jury Demand
Assigned To : Howell, Beryl A.
Assign. Date : 8/7/2018
Description: TRO/PI
(D Deck)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL FOURTE,<br><br>  Plaintiff,<br>vs.<br>RICHARD V. SPENCER, in his official capacity as Secretary of the Navy and his successors in office,<br><br>  Defendant. | Civil Case No.:<br><br>CIVIL ACTION<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## PRELIMINARY STATEMENT

The defendant (the Navy) has a directive which mandates that the Navy will not involuntarily mobilize reservists with over 16 years of active service without justification and a 16-year waiver. The justification must show why plaintiff is the only qualified candidate in the entire reserve force. Plaintiff is a Navy reservist who has accumulated 16 total years of active military service. The Navy ordered plaintiff to active duty even though he would have 16 years of active duty before the new active duty orders commenced. Rather than simply cancel the orders when it discovered the problem, the Navy hastily drafted a 16-year waiver which did not comply with its own directives and decision processes and did not justify why plaintiff is the only qualified candidate. Plaintiff was unlawfully ordered to active duty and now brings suit under the Administrative Procedure Act.

## JURISDICTION

This case arises under the laws of the United States and presents a federal question within this Court's jurisdiction under Article I of the United States Constitution and 28 U.S.C. § 1331. The Court also has jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 702. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C.§ 2201 et seq. The Court has authority to award costs and attorneys' fees under 28 U.S.C. § 2412. Venue is proper in this district under 28 U.S.C. § 1391(e).

## PARTIES

1. Plaintiff, Michael Fourte is a Reserve Naval Officer with over 16 years of active duty service. He is domiciled in Montclair, New Jersey but is presently stationed at Fort Jackson, South Carolina pursuant to unlawful mobilization orders which are the subject of this complaint.
2. Defendant Richard Spencer is the Secretary of the Navy. The defendant is being sued in his official capacity. The defendant includes all those offices subordinate including the Navy Personnel Command and/or Office of the Chief of Naval Operations code N13 as applicable throughout.

## AGENCY RULES

RECEIVED
AUG -7 2018
Clerk, U.S. District and
Bankruptcy Courts

3. Secretary of the Navy Instruction (SECNAVINST) 1800.2 mandates "Reserve personnel who have 16 years of active duty service at the commencement of orders will not be permitted to execute the orders without prior permission from the Assistant Chief of Naval Personnel for Military Personnel Policy and Career Progression (OPNAV N13)." SECNAVINST 1800.2 (3)(a).
4. "Navy instituted a waiver submission process for any reserve Sailor performing qualifying service beyond 16 years cumulative active-duty service." Chief of Naval Operations Instruction (OPNAVINST) 1001.27 (5)(b).
5. "The Director, Military Personnel Plans and Policy Division (OPNAV (N13)) [is] the authority for granting approval for reserve personnel to serve on active duty beyond 16 years cumulative active-duty service, commonly referred to as the "sanctuary process." [OPNAVINST 1001.27] **provides guidance on the submission, review, and decision process.**" OPNAVINST 1001.27 (5)(b) (*emphasis added*).
6. "For … 16-year waiver … requests, the supported command submits the waiver request and endorsement on command letterhead. Command endorsement must include a specific justification for filling the requirement with this particular candidate (i.e., **why the candidate is the only qualified member in the [reserve component] inventory**)." OPNAVINST 1001.27 Encl(3) (10)(b) (*emphasis added*).

## FACTS

7. Plaintiff is a Navy reservist with over 16 years' of cumulative active service.
8. On or about May 2018, Defendant required a Naval officer, with no special skill set or training, for duty in Africa for 1 year ("Africa requirement").
9. On or about May 31st, 2018, the defendant involuntarily ordered the plaintiff to active duty to fill the Africa requirement which commenced on July 20th.
10. On or about June 5th, 2018, after issuing the written orders, defendant discovered, that plaintiff would have 16-years of active duty before the Africa orders commenced.
11. Defendant's procedures (SECNAVINST 1800.2 and OPNAVINST 1001.27) prohibit servicemembers with 16 or more years of active duty from being called to active duty without an approved waiver.
12. On June 7th, defendant hastily prepared a waiver that did not at all conform to the defendant's own procedures for waivers ("non-compliant waiver").  The non-compliant waiver omitted key details and facts about the plaintiff and presented the appearance of a voluntary extension request vice a waiver.
13. Most notably, the non-compliant waiver provided no justification as to why the plaintiff was the "only qualified candidate" to fill the requirement.
14. On or about June 11th, the plaintiff advised his chain-of-command by written letter that he felt as though he was being singled out for the Africa Requirement.  He further advised that a waiver would be impossible to obtain because there were hundreds of other reserve Naval officers with fewer than 16 years' of active service who could fill the Africa requirement.
15. On June 15th, the plaintiff learned from his chain-of-command that the non-compliant waiver had been approved.
16. On June 23rd, the plaintiff received a copy of the approved waiver.
17. On June 28th, the plaintiff submitted Freedom of Information Act (FOIA) requests to obtain copies of the enclosures to the waiver as well as other records of 16-year waivers approved by the defendant.

18. On July 6th, plaintiff received a FOIA response showing that he was the only involuntary 16-year waiver ever generated and approved by the Navy.
19. On July 11th, the plaintiff advised his chain-of-command that he intended to file a Complaint under Article 1150 of the Naval Regulations ("Article 1150") alleging that the defendant violated its own procedures in mobilizing plaintiff to active duty.
20. On July 16th, the plaintiff retained counsel and filed the Article 1150 with his chain-of-command.
21. On July 20th, the plaintiff was mobilized to active duty involuntarily pursuant to the Africa orders.

## COMPLAINT

22. At all times relevant there existed an agency instruction known as Chief of Naval Operations Instruction ("OPNAVINST") 1001.27. The instruction was signed into effect on July 9th, 2013 and has not been otherwise modified or canceled by the Defendant.
23. The OPNAVINST 1001.27 "applies to cases of reserve Sailors (officer and enlisted) performing active duty in excess of 16 years cumulative active duty." *Id* at ¶2.
24. Involuntarily recalling a reservist to active duty who has 16 years' of active service requires a waiver. *Id* at ¶5(b)
25. The defendant Navy Personnel Command issued involuntary mobilization orders ("Africa Orders") for plaintiff on May 31st, 2018.
26. At the time when the orders were issued the defendant was unaware that plaintiff would have 16 years of active duty before the orders commenced.
27. On June 5th, 2016 the defendant was informed by a Navy JAG that plaintiff would have 16 years of active duty before the mobilization orders commenced, and that the Navy orders were technically invalid.
28. Because no waiver existed yet, the Africa orders were invalid pursuant to Secretary of the Navy Instruction ("SECNAVINST") 1800.2 which forbids commencement of orders without the approval of a 16-year waiver request.
29. On June 6th, the defendant Navy Personnel Command informed the Navy JAG in a cavalier manner that it would obtain a waiver.
30. Pursuant to OPNAVINST 1001.27, waivers must be originated by the requesting command in the field ("supported command"), they must be in a specific format, they must include a justification, they must specify the duties that the candidate will perform, they must state the candidate's present duty, they must include a list of all of the qualified candidates that could fill the requirement, they must include a justification of why the candidate is the only qualified candidate, they must be endorsed by the first Admiral in the chain-of-command. *Id.*
31. On June 7th, the defendant Navy Personnel Command drafted a waiver which included none of the requirements set forth in paragraph 30 above ("non-compliant waiver").
32. On June 12th, the defendant OPNAV N13 approved the non-compliant waiver.
33. As a result, the defendant's actions violated the Administrative Procedures Act (APA) 5 U.S.C. Subchapter II in the following manner:
    a. The defendant's actions were capricious in that the defendant knew or should have known that there was no valid justification for pursuing a 16-year waiver for the plaintiff to fill the Africa requirement because defendant knew or should have known that plaintiff was not the "only qualified candidate"

    b. The defendant's actions were arbitrary in that the plaintiff is the only known reservist in recent history to be involuntarily mobilized with over 16 years' of active duty.
    c. The defendant Navy Personnel Command's pursuit of a non-compliant waiver after-the-fact to right its own wrong in creating the orders in the first place was an abuse of discretion. The defendant never should have pursued the waiver because plaintiff was not "the only qualified candidate."
    d. Initiation of the waiver is the responsibility of the supported command, in this case the command in Africa. The defendant Navy Personnel Command's act of initiating the waiver itself was contrary to a power vested in the supported command. The defendant Navy Personnel Command lacked authority to even request the waiver.
    e. The defendant is bound by its own regulations to follow its own procedures however the defendant Navy Personnel Command acted without observance of the procedures specified in OPNAVINST 1001.27 when it prepared its non-compliant waiver solely for the purpose of justifying its own actions in incorrectly ordering plaintiff to active duty in the first place.
    f. Defendant's actions in justifying plaintiff to fill the Africa requirement were non-existent, and unwarranted because plaintiff is not "the only qualified candidate." In this case, the Africa requirement is so generic that there are at least 1200 other qualified candidates who could potentially fill the requirement.

34. As a result of the defendant's actions the plaintiff was adversely affected, aggrieved and legally wronged.

## RULE 8(A)(3) DEMAND FOR RELIEF SOUGHT

WHEREFORE, judgment is demanded for a declaration that the Africa mobilization orders are unlawful; termination of those orders; and reinstatement in previous position.

## RULE 38 DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

Dated: August 2nd, 2018

By: _____
Michael W. C. Fourte
Plaintiff
michael@fourterealestate.com
973-559-6016
(855) 985-3836 fax